UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00330-HBB

MARY FRAZE                                                                                           PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Mary Fraze ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 18) and Defendant (DN 19) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 16). By Order entered August 20, 2018 (DN 15), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

On April 17, 2014, Plaintiff protectively filed an application for Disability Insurance benefits and an application for Supplemental Security Income (Tr. 15, 269, 276). Plaintiff alleged that she became disabled on April 19, 2013, as a result of a bulging disc in her neck, bilateral carpal tunnel syndrome, hypertension, a left shoulder problem, and other back problems (Tr. 15, 353). Administrative Law Judge Jerry Lovitt ("ALJ") conducted a hearing on July 14, 2017, in Louisville, Kentucky (Tr. 15, 40-42). Plaintiff was present and represented by attorney Kevin McDowell (Id.). Sharon Lane testified as a vocational expert during the hearing (Id.).

In a decision dated August 23, 2017, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-32). At the first step, the ALJ found that Plaintiff had worked various jobs through temporary employment agencies in 2014, 2015, 2016, and 2017 (Tr. 17-18). The ALJ considered Plaintiff's earnings in each of those years and concluded that Plaintiff had engaged in substantial gainful activity from April 1, 2015 through December 31, 2015 (Id.). However, the ALJ concluded that it was not necessary to determine unequivocally whether Plaintiff's work activity constituted disqualifying substantial gainful activity at the first step because there existed a valid basis for denying her application at a subsequent step in the sequential evaluation process (Tr. 18). The ALJ indicated that he considered Plaintiff's considerable work activity after her alleged onset date of April 19, 2013, when evaluating the severity of her symptoms, as well as the consistency of her testimony with the overall record (Id.).

At the second step, the ALJ determined that Plaintiff has the following "severe" impairments: degenerative disc disease, degenerative joint disease of the left shoulder, depression,

and anxiety disorder (Tr. 18). Notably, at the second step, the ALJ also determined that Plaintiff's hypertension was a "non-severe" inpairment because the condition was well-controlled with medication and did not affect Plaintiff's ability to engage in basic work related tasks (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.). The ALJ specifically explained why he concluded that Plaintiff did not meet or medically equal Listings 1.04, 1.02, 12.04, and 12.06 (Tr. 18-20).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of light work because she can frequently climb ramps and stairs; only occasionally stoop, kneel, crouch and crawl; she can never climb ladders, ropes and scaffolds; she should not work around unprotected heights and hazards such as machinery with moving parts; she should have only occasional exposure to vibration; she is limited to frequent reaching overhead and laterally with the left arm, as well as frequent handling with the left hand and fine fingering with the left hand; she is able to sustain concentration to complete short, simple, repetitive, routine tasks; she can use judgment in making simple work-related decisions consistent with this type of work; she requires an occupation with set routine and procedures and with few changes during the workday, and with frequent contact with supervisors, coworkers and the general public, and where the incumbent worker is able to tolerate no more than moderate levels of noise as defined in Appendix D of the selected characteristics of occupations 1993 edition; she would be expected to be off task no more than 10% of the workday in addition to normally scheduled breaks (Tr. 20-21).

Relying on testimony from the vocational expert, the ALJ found that Plaintiff is capable of performing her past relevant work as a mail sorter (DOT 209.687-026). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from April 19, 2013, the alleged onset of disability, through August 23, 2017, the date of the decision (Tr. 32).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 266-68). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the

Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

5

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

## Challenged Findings

Plaintiff disagrees with Finding No. 5 which sets forth the ALJ's residual functional capacity (RFC) determination (DN 18 PageID # 1448, 1454-59). Plaintiff argues the RFC is not supported by substantial evidence because the ALJ 's failed to properly weigh the September 4, 2014 opinion from consultative examiner Brian S. McLean, M.S., L.P.P., and the September 17, 2014 treating source statement submitted by Christopher Nelson, M.D., and Karri Cambron, N.P. (Id.).

Defendant contends that the ALJ's assignment of weight to the medical source statement of Dr. McLean is supported by substantial evidence in the record and comports with applicable law (DN 19 PageID # 1466-68). Defendant asserts that the ALJ properly evaluated the opinion of Plaintiff's treating pain management specialist, Dr. Nelson, and the doctor's nurse practitioner

Ms. Cambron (Id. PageID # 1468- ). Although the ALJ did not expressly address whether the opinion was entitled to controlling weight, Defendant argues the omission was harmless because the ALJ did address the factors necessary for that analysis and the ALJ's rejection was implicit (Id. citing Tr. 21-22, 27, 29 and Hall v. Comm'r of Soc. Sec., 148 F. App'x 456, 464 (6th Cir. 2005).

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946; Social Security Ruling 96-5p; Social Security Ruling 06-3p. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529; Social Security Ruling 16-3p.

The Sixth Circuit has provided the following comprehensive explanation regarding the standards for weighing medical opinions:

> As a general matter, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "nonexamining source"), id. § 404.1502, 404.1527(c)(1), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "nontreating source"), id. § 404.1502, 404.1527(c)(2). In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion

7

and the individual become weaker." Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996).

The source of the opinion therefore dictates the process by which the Commissioner accords it weight. Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id.*, as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id.* § 404.1527(c)(2)-(6).

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id.* § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004).

On the other hand, opinions from nontreating and nonexamining sources are never assessed for "controlling weight." The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling. 20 C.F.R. § 404.1527(c). Other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion. *Id.* § 404.1527(c)(6).

Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 375-76 (6th Cir. 2013).

On September 4, 2014, Dr. McLean performed a consultative psychological examination of Plaintiff and rendered diagnostic and functional capability opinions (Tr. 771-74). The ALJ

8

accurately summarized Dr. McLean's clinical observations (Tr. 28, 29). But the ALJ also recognized that a September 3, 2014 emergency room treatment note appeared to attribute Plaintiff's complaint of an altered mental state to her polypharmacy and substance abuse (Tr. 27, 29). The ALJ gave little weight to Dr. McLean's opinions that Plaintiff had a GAF of 42 and marked limitation in four areas of mental functioning (Tr. 29, 30). The ALJ explained that Dr. McLean's opinions were inconsistent with the objective record as a whole, the recent neurological testing that did not show deficits in cognition or mental status findings, the overall conservative treatment over many years that was devoid of formal mental health care or counseling, and Plaintiff's own self-described report of day to day functioning (Tr. 29, 30). The ALJ's findings regarding the weight accorded to Dr. McLean's opinions are supported by substantial evidence in the record and comport with applicable law for assigning weight to the opinions of medical sources.

Dr. Nelson, a pain management specialist, treated Plaintiff from May 28 through November 19, 2014 (Tr. 777-820). On September 14, 2014, Dr. Nelson and his nurse practitioner Ms. Cambron filed out a one-page treating physican statement (Tr. 821). The statement lists the physical conditions they were treating and identified limitations imposed by those conditions (Id.).

The ALJ acknowledged Dr. Nelson's treating relationship with Plaintiff as well as provided a thorough and accurate summary of Dr. Nelson's treatment records ( Tr. 24, 777-820). The ALJ did weigh Dr. Nelson's opinion based on the doctor's area of specialty; the length, frequency, nature and extent of the treatment relationship; and the degree to which Dr. Nelson's opinion was consistent with the record as a whole and was supported by relevant evidence (Tr. 24, 29). *See* Gayheart, 710 F.3d at 376. The ALJ explained that he gave little weight to the limitations

expressed by Dr. Nelson because they were not supported by Dr. Nelson's own treatment records that showed largely tenderness to palpitation in the spine and shoulders, but nevertheless adequate mobility throughout the spine, no neurological dysfunction with 5/5 motor strength in all four extremities, and no gate disturbance (Tr. 29). The ALJ also explained that Dr. Nelson's limitations were not consistent with the record as a whole, which showed no findings of disk herniation, nerve root compression, or significant joint damage on imaging, as well as a good range of motion throughout the spine and extremities (Id.). In sum, the ALJ's decision to give little weight to the limitations in Dr. Nelson's opinion is supported by substantial evidence in the record and is sufficiently specific to make clear to any subsequent reviewer the weight given and the reasons for that weight (Tr. 29). *See* Gayheart, 710 F.3d at 376.

However, the above factors are properly applied only after an Administrative Law Judge has determinied that a treating-source opinion will not be given controlling weight. Id. Here, the ALJ failed to expressly determine whether Doctor Nelson's opinion was entitled to controlling weight (Tr. 29). Thus, the Court must assess whether Plaintiff has been harmed by the ALJ's procedural omission.

The procedural requirements to assign weight to the opinion of a treating source and providing "good reasons" for that weight serves both to ensure adequacy of review and to give the claimant a better understanding of the disposition of his case. Cole v. Astrue, 661 F.3d 931, 939 (6th Cir. 2011) (citing Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 242 (6th Cir. 2007)). "These procedural requirements are 'not simply a formality' and are intended 'to safeguard the claimant's procedural rights.' " Cole, 661 F.3d at 937 (citing Wilson, 378 F.3d at 544).

The Sixth Circuit has indicated it will not hesitate to remand when it encounters decisions from Administrative Law Judges that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion. Id. at 939 (citations omitted). However, a violation of these procedural requirements can be deemed "harmless error" if one of the following requirements is satisfied:

> (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) ... even though she has not complied with the terms of the regulation.

Cole, 661 F.3d at 940. Notably, the failure to follow the Agency's procedural rule does not qualify as harmless error where the Court cannot engage in "meaningful review" of the ALJ's decision. Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

The first and second requirements are not applicable to the circumstances herein. Thus, the Court must determine whether the ALJ implicitly provided sufficient reasons for not assigning controlling weight to the limitations in Dr. Nelson's opinion. See Hall v. Comm'r of Soc. Sec., 148 F. App'x 456, 464 (6th Cir. 2005).

A treating-source opinion is entitled to controlling weight only when it (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "is not inconsistent with the other substantial evidence in [the] case record." Gayheart, 710 F.3d at 376 (quoting 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)). Here, the ALJ implicitly provided good reasons for why Dr. Nelson's opinions failed to meet either prong of this test (Tr. 29). Specifically, the limitations in Dr. Nelson's opinion were not supported by (1) the medically

acceptable clinical testing that showed good range of motion throughout the spine and extremities; (2) the imaging in the record that showed no findings of disc herniation, nerve root compression, or significant joint damage; and (3) Dr. Nelson's own treatment records that largely showed tenderness to palpitation in the spine and shoulders but adequate mobility throughout the spine, no neurological dysfunction with 5/5 motor strength in all four extremities, and no gait disturbance (Tr. 29). Further, these reasons are supported by substantial evidence in the record. In sum, The ALJ's error was harmless, therefore Plaintiff's challenge fails.

In sum, the Court concludes that the RFC in Finding No. 5 is supported by substantial evidence in the administrative record.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

Copies:	Counsel